UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CBC FINANCIAL, INC., a Nevada corporation, | ) | |
| Plaintiff, | ) | Case No. 2:04-cv-00547-DAE-GWF |
| vs. | ) | **ORDER** |
| AMERICAN SAFETY INDEMNITY COMPANY, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Schwarz Insurance Agency, Inc.'s and Rodd Thieler's Motion to Strike Plaintiff's Expert Witnesses Pursuant to Fed.R.Civ.P. 37 (#79), filed on April 19, 2006; American Safety Indemnity Company's Joinder in Motion to Strike Plaintiff's Expert Witness Per FRCP 37 (#83), filed on April 21, 2006; Defendant Bedford Underwriters, Ltd's Joinder to Defendants Schwarz Insurance Agency, Inc.'s and Rodd Thieler's Motion to Strike Plaintiff's Expert Witnesses Pursuant to Fed.R.Civ.P. 37 (#92), filed on May 5, 2006; Plaintiff's Opposition to Motion to Strike and Countermotion to Extend Time to Provide Expert Reports (#113), filed on June 2, 2006; Defendants Schwarz Insurance Agency, Inc,'s and Rodd Thieler's Reply to Plaintiff's Opposition to Motion to Strike and Opposition to Plaintiff's Countermotion to Extend Time to Provide Expert Reports (#124), filed on June 13, 2006.  The Court conducted a hearing on this matter on June 16, 2006.

**BACKGROUND**

This case involves an action by Plaintiff CBC Financial, Inc. ("CBC") against its insurance

company, Defendant American Safety Indemnity Company/Apex Insurance Managers, LLC, ("ASI/APEX"), its insurance agents, Defendants Schwarz Insurance Agency, Inc. and Rodd Thieler ("Schwarz/Thieler"), and an insurance broker Bedford Underwriters LTD ("Bedford"). Plaintiff's property, the Moulin Rouge Hotel & Casino, was partially destroyed by fire on May 29, 2003. Plaintiff claims resulting property damage in excess of $5 million. At the time of the fire, the property was insured under a policy issued by Defendant ASI/APEX which Plaintiff had obtained through the services of its insurance agents Schwarz/Thieler and the broker Bedford. Following the fire, ASI/APEX conducted a loss/coverage investigation and thereafter rescinded the policy and denied coverage for Plaintiff's loss claim. Plaintiff alleges that ASI/APEX wrongfully rescinded the policy and is liable under its policy for the covered loss, as well as additional damages for its bad faith conduct. Plaintiff also alleges claims against Schwarz/Thieler and Bedford for their professional negligence and breach of duty in failing to obtain proper insurance coverage for Plaintiff and/or for their negligent acts which resulted in ASI/APEX's rescission of the policy.

Plaintiff's complaint was filed in Nevada state court in March 2004. Defendants Schwarz/Thieler removed this action to the Federal District Court on May 7, 2004. The initial Stipulated Discovery Plan and Scheduling Order (#27) set a discovery cut-off date of December 27, 2004 with a deadline for disclosure of experts and expert reports on October 28, 2004. On October 27, 2004, however, the court approved the parties' Stipulation to Extend Discovery Pursuant to LR26-4 (#39) and to stay discovery pending the rulings on Defendants' motions to dismiss. That order provided that the discovery cut-off date and other pre-trial deadlines would run from the date of the Court's ruling on the final motion pending. On August 16, 2005, the court lifted the stay on discovery and directed the parties to submit a new discovery plan and scheduling order. *Minute Order* (#48), filed August 18, 2005. On October 6, 2005, the court approved the parties' Supplemental Stipulated Discovery Plan and Scheduling Order (#64) which set a new discovery cut-off date for March 16, 2006 and a deadline for disclosure of expert witnesses and expert reports on January 13, 2006. By stipulation and order, the discovery cut-off date was further extended to June 16, 2006 and the deadline for disclosure of expert witnesses and expert reports was extended to April 17, 2006.

. . .

1    On April 17, 2006, Plaintiff served its Disclosure of Expert Witness. *See Plaintiff's Court Ordered Supplement Regarding Motion to Strike Plaintiffs' Expert Designation* (#129), filed on June 19, 2006. In its disclosure, Plaintiff listed two expert witnesses. The first listed expert witness was J. Michael Low, an attorney and insurance expert, whom Plaintiff stated would testify regarding insurance issues in the case, including Plaintiff's causes of action for breach of the covenant of good faith and fair dealing, duties of various defendants in the subject insurance transactions, and the conduct of defendants. The disclosure stated that a copy of Mr. Lowe's biography was attached and that his report would be forthcoming. Plaintiff's second listed expert witness was Terrence M. Clauretie, an economics professor whom Plaintiff stated would testify regarding the economic damage the Plaintiff has suffered. Plaintiff stated that a copy of Dr. Clauretie's biography and report would be forthcoming.

By contrast, the Defendants' expert witness disclosures served on April 17, 2006 provided the reports of their respective experts and the other information required to be disclosed under Fed.R.Civ. Pro. 26(a)(2). *See Schwarz/Thieler's Response to Court's Request For Its Expert Disclosure Regarding the Motion to Strike Plaintiff's Experts* (#131), filed June 20, 2006; *Defendant Bedford Underwriters, Ltd.'s Response to Court Order for Submission of Expert Disclosure* (#130), filed June 20, 2006.

On April 19, 2006, Defendants Schwarz/Thieler filed their Motion to Strike Plaintiff's Expert Witnesses Pursuant to Fed.R.Civ.P. 37 (#79). On May 31, 2006, Plaintiff served its Supplement to Plaintiff's Disclosure of Expert Witnesses attaching curriculum vitae for its two expert witnesses, Mr. Low and Dr. Clauretie, disclosure of their expert witness fees, lists of cases in which they testified in the preceding four years, and lists of their publications. Plaintiff again stated that Mr. Low's and Dr. Clauretie's reports would be forthcoming. *See Plaintiff's Court Ordered Supplement (Exhibit 2)* (#129). On June 16, 2006, the date of the hearing in this matter, Plaintiff served a Supplement to Plaintiff's Disclosure of Expert Witnesses which attached a copy of Mr. Low' report. *See Supplement to Plaintiff's Disclosure of Expert Witnesses, served on June 16, 2006, attached to Plaintiff's Court Ordered Supplement* (#129).

At the June 16, 2006 hearing, Plaintiff's counsel represented to the Court that Plaintiff's counsel had consulted with its insurance/bad faith expert, Mr. Low, earlier in this case regarding his possible use as an expert witness. Plaintiff's counsel did not follow up with Mr. Low regarding a request that he

review the file and prepare an expert report until early March 2006. Plaintiff explained the delay in obtaining Mr. Low's services as an expert trial witness, in part, by the need to obtain documents, written discovery responses and relevant depositions before Mr. Low could prepare his opinions and complete his report in this case. As to its economic loss expert, Dr. Clauretie, Plaintiff's counsel stated that he was first retained at or about the time of the April 17, 2006 expert witness disclosure deadline. It does not appear that Dr. Clauretie commenced any review of the case until after the expert witness disclosure deadline. None of the Defendants have retained economic expert witnesses in this case.

## **DISCUSSION**

Fed.R.Civ.Pro. 26(a)(2) (A) and (B) requires a party to disclose its expert trial witnesses and to include with its disclosure a written report prepared and signed by the witness which contains a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the expert witness in forming the opinions; and the exhibits to be used as a summary or support for the opinions. The disclosure is also required to include the qualifications of the expert witness, including a list of his/her publications during the preceding ten years, the expert's compensation, and a list of other cases in which the expert has testified during the preceding four years. In this District, the time and sequence for disclosure of experts is governed by LR 26-1 which provides that expert witnesses are to be disclosed 60 days prior to the discovery cut-off date, unless the discovery plan states otherwise and the court so orders.

Fed.R.Civ.Pro. 37(c)(1) provides that a party that without substantial justification fails to disclose information required by Rule 26(a) is not, unless such failure is harmless, permitted to use as evidence at a trial, hearing, or on a motion any witness or information not so disclosed. The Rule provides that in addition to or in lieu of this sanction (witness exclusion), the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions, including an award of fees and costs and the imposition of other sanctions authorized under Rule 37(b)(2)(A), (B) and (C).

In *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), the court stated that district courts have particularly wide latitude in exercising their discretion under Rule 37(c)(1). The court, citing *Konski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998), further noted that this particular subsection of Rule 37, implemented in the 1993 amendments to the Rules, was a recognized

broadening of the sanctioning power and clearly contemplated stricter adherence to discovery requirements and harsher sanctions for breach of the rules. *Yeti By Molly Ltd.* noted that courts have upheld the use of the sanction of expert witness exclusion even when a litigant's entire cause of action or defense has been precluded. *Id., citing Ortiz-Lopez v. Sociedad Espanola de Auxilo Mutuo Y Beneficianece de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001). Two express exceptions in Rule 37(c)(1), however, ameliorate the harshness of the Rule. The information may be used if the party's failure to disclose was substantially justified or harmless. It is the obligation of the party facing sanctions to show that its failure to comply with Rule 26(a)(2) was either justified or harmless. *Yeti By Molly Ltd., supra,* at 1107. In that case, the defendant failed to provide its expert's report for two years after it first designated the witness, and only provided the expert's report 28 days prior to trial. Under these circumstances, the district court did not abuse its discretion in automatically excluding defendant's expert pursuant to Rule 37(c)(1).

In *Wong v. Regents of the University of California*, 410 F.3d 1052 (9th Cir. 2005), the court affirmed the district court's order excluding plaintiff's expert witnesses who were designated after the expert witness disclosure date. The court rejected the plaintiff's argument that he could not have recognized the need for an expert witness until the defendants filed their motion for summary judgment. *Wong* also rejected plaintiff's argument that the late disclosure was harmless even though the trial date was months away, finding that opposing parties were harmed by late disclosure which would require alteration of other pre-trial deadlines set months before. In *Quevedo v. Trans-Pacifico Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998), the court also affirmed the district court's order excluding plaintiff's sole liability expert. In that case, the plaintiff designated his liability expert twenty days late and then did not provide the expert's report until he submitted his opposition to the defendant's motion for summary judgment two months later. The district court held that because plaintiff did not justify his disregard for the court's pre-trial order, the report of the expert would not be considered on the motion for summary judgment which the court then granted. The Ninth Circuit held that the district judge did not abuse his discretion in disregarding plaintiff's untimely expert witness designation and report.

By contrast, the court in *Galentine v. Holland America Line-Westours, Inc.*, 333 F.Supp.2d 991 (W.D. Wash. 2004), declined to exclude plaintiff's expert witness whose report was disclosed eleven

1  days late.  The court found that the late disclosure was not substantially justified because plaintiff failed
2  to establish reasons why it could not have complied with the disclosure deadline.  As to whether the
3  disclosure was harmless, the court interpreted *Yeti By Molly Ltd.* as analyzing the harmless element by
4  looking at whether the failure to disclose the information prejudiced the opposing party.  The eleven
5  day delay in disclosing the expert's report was not sufficiently harmful in itself to warrant exclusion.  In
6  response to defendant's argument that the plaintiff's expert had the opportunity to consider the
7  defendant expert's reports in preparing his report, the court held that this potential prejudice could be
8  adequately dealt with by an order allowing the jury to be informed that plaintiff's expert had the
9  opportunity to preview defendant's expert's report before producing his own report.
10        Defendants have also cited *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296 (D. Nev. 1998), in
11  support of their Motion.  In *Elgas*, the court excluded the testimony of one of plaintiff's damages expert
12  witnesses because the plaintiff failed to provide a list of cases in which the expert had previously
13  testified as required by Rule 26(a)(2)(B).  The court held that strict compliance with all elements of
14  Rule 26(a)(2)(B) is required.  The expert's failure to maintain records in the ordinary course of his
15  business regarding his testimony in other cases was not a substantial justification for failing to provide
16  the disclosures required by the rule.  There was no indication that the expert could comply with the
17  requirement to list his testimony in other cases.
18        In this case, the parties made their initial witness and document disclosures early in the case.
19  Defendants also contend that most of the documents on which the liability experts' opinions are based
20  were produced at that time.  Active discovery, including depositions, however, did not commence until
21  after the discovery stay was lifted on August 16, 2005.  After that date, the first expert disclosure
22  deadline was January 13, 2006, which was then extended to April 17, 2006.  The parties thus had eight
23  months from the resumption of discovery to make their respective expert witness disclosures.
24        Plaintiff's expert witness disclosure served on the last day for disclosure of experts clearly did
25  not comply with the requirements of Rule 26(a)(2)(B).  The disclosure provided only the identities of
26  the two experts, a brief statement of their areas of expertise, and descriptions of the subject area of their
27  expected testimony.  No reports were provided for either expert.  A biography for Mr. Low was
28  attached to the disclosure, but no list of his publications or prior testimony was provided.  No such

1 information was provided for Dr. Clauretie. Plaintiff did not provide Mr. Lowe's report until the date
2 of hearing in this matter on June 16, 2006, two months after his report should have been disclosed. As
3 of the date of the hearing, no report had been provided by Dr. Clauretie. Based on the representations
4 of Plaintiff's counsel at the hearing, Dr. Clauretie was apparently still engaged in a review of the file
5 and preparation of his opinions.

6       The Court has no hesitation in excluding testimony by Plaintiff's economist expert witness, Dr.
7 Terrence Clauretie. The fire loss occurred in May 2003 and the insurer rescinded the policy and denied
8 Plaintiff's claim in October 2003. This action was filed in March 2004. Plaintiff should have been
9 aware at the time it filed this action of the need for an economist expert to assist in calculating its
10 alleged economic loss and have taken the necessary steps to timely secure such an expert witness. The
11 court has been presented with no information that Plaintiff was delayed by unavoidable circumstances
12 in obtaining an economic expert and disclosing him in a timely manner. Despite the extension of the
13 January 13, 2006 expert disclosure deadline to April 17, 2006, Plaintiff did not retain Dr. Clauretie until
14 near the time of the expert disclosure deadline on April 17th. Plaintiff has, therefore, failed to
15 demonstrate any justification for its failure to timely designate an economist expert in this case.

16       Plaintiff has also failed to demonstrate that its failure to disclose Dr. Clauretie as an expert
17 witness is harmless. Clearly, the orderly and timely completion of discovery in this matter, in
18 accordance with the discovery plan and scheduling order, will be prejudiced by the delay in obtaining
19 Dr. Clauretie's report and the necessity for additional discovery time to permit Defendants to depose
20 him once his report is disclosed. Exclusion of Dr. Clauretie's testimony does not prevent the Plaintiff
21 from introducing non-expert witness evidence regarding its alleged damages. The penalty that Plaintiff
22 may suffer due to its own lack of diligence is therefore not unreasonably or unjustly severe.
23 Accordingly, the Court finds that Dr. Clauretie should be precluded from testifying as an expert witness
24 at trial.

25       Absent Plaintiff showing that its failure to timely disclose Mr. Low's report and the other
26 required information was substantially justified or harmless, the Court would also be justified in
27 excluding his expert testimony under the automatic exclusion provisions of Rule 37(c). As *Yeti By*
28 *Molly Ltd.*, *Wong* and *Quevedo* hold, the fact that Plaintiff may be unable to prove its case if Mr. Low is

1  excluded does not prohibit the Court from excluding his testimony.  Plaintiff has also failed to
2  demonstrate that its failure to timely produce Mr. Low's report and other information required by Rule
3  26(a)(2)(B) was substantially justified.  According to Plaintiff's counsel, they first consulted with Mr.
4  Low as a potential expert earlier in the case, but did not actually retain him to review the file and
5  prepare an expert report until early March 2006 approximately one and one-half months prior to the
6  expert witness disclosure deadline on April 17, 2006.  Arguably, there may have been some necessary
7  delay in Mr. Low's ability to prepare his report until relevant depositions and other discovery was taken
8  in this case.  Plaintiff, however, did not request a further extension of the expert witness disclosure
9  deadline.  Furthermore, the Defendants were able to provide their liability expert reports and other
10 required disclosures by the April 17, 2006 deadline.  Based on the Court's review of the Defendants
11 experts' reports, their reports are based on substantially the same evidence and information that was
12 available to Plaintiff prior April 17, 2006.  Plaintiff has, therefore, failed to demonstrate that its failure
13 to disclose Mr. Low's report until nearly 60 days after the expert witness disclosure deadline was
14 substantially justified.

15         The second issue is whether Plaintiff's delay in disclosing Mr. Low's is harmless.  The delay
16 here is substantially greater than the 11 days which the Court in *Galentine* found excusable and
17 harmless.  Other decisions, including  *Quevedo*, *supra,* have upheld the exclusion of an expert where
18 there was a similar period of delay in providing his report.  Conversely, courts in other cases have
19 excused similar failures where there no real prejudice to the other parties or disruption of the court
20 schedule.  The courts have also taken into consideration the severity of excluding an expert where it
21 will result in a party being unable to prove its claim or defense and where less onerous sanctions appear
22 appropriate.

23         If Mr. Low is permitted to testify, the Court will be required to grant additional discovery time
24 to complete expert witness depositions in this case.  The Court, however, has already granted additional
25 time to complete non-expert witness discovery.  The delay in completing discovery resulting from
26 Plaintiff's failure to produce Mr. Low's report, therefore, is to a large extent eliminated by the
27 additional time allowed for other discovery.  Defendants also raise the same issue that defendant raised
28 in *Galentine* that Plaintiff's expert has been granted an unfair advantage by being able to preview the

1  Defendants' expert reports before he produced his own.  As *Galentine* impliedly found, however, this is
2  unlikely to cause significant prejudice to Defendants since the evidence and facts on which the
3  competing experts base their opinions is probably well known and the differing opinions of the parties'
4  respective experts could probably be predicted.  Furthermore, by the time expert witnesses are deposed,
5  they have typically read the opposing parties' reports or, even their depositions if taken.  The Court,
6  therefore, concludes that the remedy for this prejudice provided by the court in *Galentine* is an
7  appropriate one.  At trial the jury should be instructed or informed that Plaintiff's expert had the
8  opportunity to review the Defendant's experts reports before he produced his own.

9        The Court, therefore, concludes that Plaintiff's expert witness Mr. Low should not be excluded.
10 In so concluding, the Court is mindful that notwithstanding Plaintiff's failure in timely disclosing Mr.
11 Low, the sanction of exclusion is likely to be severe.  Plaintiff's failure to timely provide Mr. Low's
12 report and other information required by Rule 26(a)(2), however, should not be without adverse
13 consequences in the form of other, but lesser sanctions.  Accordingly,

14       **IT IS HEREBY ORDERED** that Defendants Schwarz Insurance Agency, Inc.'s and Rodd
15 Thieler's Motion to Strike Plaintiff's Expert Witnesses Pursuant to Fed.R.Civ.P. 37 (#79), joined in by
16 the other Defendants is **granted**, in part, and **denied**, in part, as follows:

17       1.    As to Plaintiff's expert witness Terrence Clauretie, Defendants' Motion  is **granted** and
18 Dr. Clauretie is hereby excluded from testifying as an expert witness in this case.

19       2.    As to Plaintiff's expert witness J. Michael Low, Defendant's Motion is **denied** to the
20 extent that Mr. Low is not excluded from testifying trial.  Plaintiff shall, however, pay each Defendant's
21 respective costs and fees, as approved by the Court, in connection with the Motion to Strike Plaintiff's
22 Expert Witnesses.  Defendants shall submit an application for fees and costs within 10 days of this
23 Order.  Plaintiff shall have 5 days to file its response to Defendants' application and Defendant's may
24 file their replies, if any, within 5 days thereafter.  The Court will then enter an appropriate award of fees
25 and expenses.

26       3.    In addition, Plaintiff will be required to present Mr. Low for deposition prior to the
27 depositions of Defendants' experts within 30 days from the date of this order or as otherwise scheduled
28 by Defendants.  Plaintiff is also precluded from submitting any supplemental expert reports by Mr.

1  Low.  If Defendants request, the jury may be instructed at the time of trial that Plaintiff's expert had the
2  opportunity to review Defendant's experts reports prior to producing his report in this case.
3       DATED this 30th day of June, 2006.

                                                     /s/ George Foley, Jr.
                                                 GEORGE FOLEY, JR.
                                                 U.S. MAGISTRATE JUDGE